```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                  MIDDLE DISTRICT OF PENNSYLVANIA

JAMIE ELLIOTT,                   :
                                 :
        Plaintiff                :    No. 4:04-CV-2358
                                 :
   vs.                           :    (Complaint Filed 10/27/04)
                                 :
LT. GRACE, ET AL.,               :    (Judge Muir)
                                 :
        Defendants               :
```

### ORDER
May 11, 2005

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On October 27, 2004, Plaintiff Jamie Elliott, a former prison inmate, filed a civil rights complaint against several individuals employed by the Pennsylvania Department of Corrections. This case was assigned to us but referred to Magistrate Judge Thomas M. Blewitt for preliminary consideration. Because Elliott's original complaint did not specify any conduct, wrongful or otherwise, of the named Defendants, on November 3, 2004, Magistrate Judge Blewitt directed Elliott to file an amended complaint. On November 18, 2004, Elliott filed an amended complaint. After finding the same deficiencies in the amended complaint, Magistrate Judge Blewitt directed Elliott to file a second amended complaint.

On December 6, 2004, Elliott filed a second amended complaint. Elliott alleged that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when he

was assaulted by several prison guards during his incarceration at the State Correctional Institution at Huntingdon. Elliott also asserted an Eighth Amendment claim on behalf of his brother Paul.

On December 13, 2004, after screening the second amended complaint pursuant to the Prison Litigation Reform Act, Magistrate Judge Blewitt issued a report recommending that the claims under the Eighth Amendment against eleven of the Defendants in their individual capacities  proceed.  Those Defendants were Lt. Grace, Sergeant Weaverling and correctional officers Hammer, Morris, Harmer, Culp, Teller, Polleck, Ross, Cooper and Harper. Magistrate Judge Blewitt recommended that the claims against three (3) "John Doe" Defendants be dismissed.  He further recommended that the claims against correctional officer Couch be dismissed because Elliott did not allege that Couch was personally involved in the assault.  Magistrate Judge Blewitt also recommended that the Eighth Amendment claim asserted on behalf of Elliott's brother be dismissed because Elliott failed to state any basis for his standing to raise such a claim.  The final recommendation of Magistrate Blewitt was that all of the claims against the Defendants in their official capacities be dismissed.

On January 10, 2005, we issued an order adopting in toto the report of Magistrate Judge Blewitt and the case was remanded to Magistrate Judge Blewitt for further proceedings.

After we remanded the case to Magistrate Judge Blewitt, 10 of the Defendants were served with Elliott's pleadings. Those Defendants then filed a motion to dismiss the action based on the 2-year statute of limitations applicable to action brought pursuant to 42 U.S.C. § 1983. In that motion the Defendants pointed out that all of Elliot's claims arose out of an assault that allegedly occurred in 1989. On May 2, 2005, Magistrate Judge Blewitt filed a report recommending that Defendants' motion to dismiss be granted. Magistrate Judge Blewitt further recommends that the case against one of the defendants, Correctional Officer Teller, be dismissed for failure to prosecute. Magistrate Judge Blewitt points out that Elliott failed to provide the court with information concerning the address of Defendant Teller so that the court could direct the United States Marshal to serve Teller.[1]

On May 9, 2005, Elliot filed a document entitled "Appeal Report and Recommendation" which we will construe as Elliot's objections to the report of Magistrate Judge Blewitt.

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. United States vs. Raddatz, 447 U.S. 667 (l980); 28 U.S.C. §636(b)(l); Local Rule

---

1. The claims against Teller are not dismissable on the basis of the 2-year statute of limitations because the statute of limitations defense is an affirmative defense which a defendant must assert. See Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).

72.31. District judges have wide discretion as to how they treat recommendations of the magistrate judge. Id. Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. Id. See also Mathews vs. Weber, 423 U.S. 261, 275 (1976); Goney vs. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In Elliott's objection he fails to explain why the 2-year statute of limitations is inapplicable to his case. As Magistrate Judge Blewitt stated in his report "[i]t is abundantly clear in this case, and readily admitted by the Plaintiff, that the Plaintiff discovered his cause of action in 1989, at the time of the alleged assault. Further, the Plaintiff does not assert any basis to toll the statute of limitations." Furthermore, in his objections he does not provide the court with the address of Defendant Teller.

In an 11-page report Magistrate Judge Blewitt explained why Elliott's claims should be dismissed based on the 2-year statute of limitations and for failure to prosecute. We will not repeat Magistrate Judge Blewitt's basis for those recommendations other than noting that the alleged assault on Elliott is barred by the statute of limitations because it occurred 15 years before Elliott filed this action and Elliott is responsible for providing the court with the necessary information to assist the United

States Marshal in effectuating service.  In this case Elliott has failed to provide such information with respect to Defendant Teller.

We find no error in Magistrate Judge Blewitt's report and shall adopt it as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The report of Magistrate Judge Thomas M. Blewitt filed on May 2, 2005, is adopted in toto.

2. Defendants' motion to dismiss (Doc. 31) is granted.

3. The claims against Defendant Teller are dismissed for failure to prosecute.

4. The Clerk of Court shall close this case and send a copy of this order to Magistrate Judge Blewitt.

5. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

s/Malcolm Muir
_____
MUIR
United States District Judge

MM:gs